IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY ROBERT GERLICH,<br>    #2066-14,<br>         Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | 3:14-CV-3534-L-BK |
| ABE PARDINGTON, Police Officer,<br>         Defendant. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On September 30, 2014, Plaintiff, a pretrial detainee in Ellis County, filed a *pro se* complaint under [42 U.S.C. § 1983](#) against Officer Abe Pardington of the Waxahachie Police Department, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and Special Order 3. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, it is recommended that this case be stayed and administratively closed.

### I. BACKGROUND

The complaint, as supplemented by the answers to the questionnaire, asserts Officer Pardington violated Plaintiff's constitutional rights in connection with a pending Ellis County criminal charge of evading arrest/detention with a vehicle, for which Pardington arrested Plaintiff on June 6, 2014. [[Doc. 3 at 4](#); [Doc. 7 at 1](#), 3]. Specifically, Plaintiff contends Pardington wrongfully used a stun gun on him, "causing [him] to tense up and floor the accelerator on [his] car and take off." [[Doc. 3 at 4](#); [Doc. 7 at 2](#)]. Plaintiff avers that during a traffic stop, he declined to consent to search of his vehicle but agreed to step out of his car so that a K-9 could walk around it. [Doc. 7 at 4](#). Plaintiff states, "I reached up to turn my car off and

1

Officer Pardington drew his taser and yelled something at me. I raised my arms and hands and he tased me hitting me in the shoulder and chest." [Doc. 7 at 4]. Plaintiff also alleges, "I had no control of my reflexes at that point and put [sic] my life and those around me in danger." [Doc. 3 at 4]. He requests that the "related" criminal charges be dismissed and that he be reimbursed for the time he has spent in pretrial confinement. [Doc. 3 at 4].

## II. ANALYSIS

A finding by this Court that Officer Pardington wrongfully used a Taser on Plaintiff on June 6, 2014, could impact the pending Ellis County criminal case. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (prisoner cannot bring a section 1983 action directly challenging an "allegedly unconstitutional conviction or imprisonment" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal [or] a federal court"). Although dismissal of the section 1983 claim is appropriate where the plaintiff has already been convicted of the underlying charge, where the criminal charge is still pending, the proper procedure is to stay the plaintiff's claims "until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (remanding so that district court could stay unreasonable search and seizure claims against police officers "until the pending criminal case has run its course").

Accordingly, this case should be stayed until Plaintiff's criminal prosecution in Ellis County is concluded. *See Metcalf v. De Los Santos, et al.*, No. 3:12-CV-1815-G, 2012 WL 3204974 *2-3 (N.D. Tex. Jul. 18, 2012), *recommendation accepted*, 2012 WL 3222239 (Aug. 8, 2012) (staying and administratively closing case, which alleged false arrest and malicious

prosecution allegations, until state criminal charges against plaintiff are finally resolved); *see also Pipkin v. Blunck*, 3:13-CV-4917-B-BK (N.D. Tex. 2014) (same).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be **STAYED and ADMINISTRATIVELY CLOSED** until the state criminal charge against Plaintiff in Ellis County for evading arrest/detention with a vehicle is finally resolved.

SIGNED October 29, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [Fed. R. Civ. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* [*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)]().

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE